UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14020-CR-MOORE/MAYNARD
CASE NO. 18-80021-TP-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BENJAMIN HARRIS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON FINAL HEARING IN RESPECT TO THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE**

THIS CAUSE having come before the Court for a final hearing on February 6, 2019 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On August 10, 2018 in the Fifteenth Judicial Circuit, in Palm Beach County, Florida, the defendant was charged with ten counts of second degree arson, contrary to Florida State Statute 806.01 2 (2F). The defendant has been charged in Docket Number: 2018-CF-7726A. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by law enforcement. As of September 4, 2018, the defendant has failed to notify the probation officer of his contact with law enforcement on August 8, 2018. |

| | |
|---|---|
| **Violation Number 3** | **Violation of Standard Condition**, by leaving the judicial district without the permission of the Court or Probation Officer, in that on August 21, 2018, the defendant was arrested by the U.S. Marshal's Office in Walterboro County, South Carolina. |

2. The Government proceeded by proffer and offered Government's Exhibits 1 through 23 into evidence without objection. Detective Jeffrey Clare of the Bureau of Fire, Arson and Explosives in Palm Beach County, Florida and United States Probation Officer Bonita Holmes were available for cross-examination.

3. According to the Government's proffer, a fire occurred at Waits Recreational Vehicle (RV) Center on August 5, 2018. Waits RV is an RV dealership located in West Palm Beach, Florida. Detective Clare was assigned to investigate the case. He met with the owner of Waits RV, who provided surveillance video of the area where the fire occurred. Detective Clare also met with the owner of a neighboring business, who also provided surveillance video from that business's parking lot. Government's Exhibits 4 and 5 are the surveillance videos from the night of the fire. The videos show that a silver mercury vehicle pulled into the parking lot of the neighboring business at approximately 9:00 pm. At 9:03 pm, a white male wearing a blue shirt and glasses exited the car and walked in the direction of Waits RV. The man walked with a limp and appeared to be holding something in his hand. At approximately 9:10 pm, the vehicle exited the parking lot and slowly drove by Waits RV, as though observing something. A fire erupted shortly thereafter and quickly engulfed the area. Multiple RVs were destroyed. *See* Govt Ex. 13-21 (photographs).

4. Government Exhibit 22 provides an enhanced close up view of the man depicted on the surveillance video. The person in the video is wearing a Palm Beach RV employee shirt. The Government proffered that the owners of Waits RV and Palm Beach RV are brothers and

there was a disagreement between them during this time. Detective Clare went to Palm Beach RV, and saw a car matching the description of the car in the surveillance videos in the parking lot. The car was registered to the Defendant, who works at Palm Beach RV. Defendant also has prior convictions for setting fires to recreational vehicles at RV dealerships in St. Lucie County. *See* Govt Ex. 23 (Indictment) and Govt Ex. 2 (Judgment).

5.  On August 8, 2018, Detective Clare interviewed the Defendant at Palm Beach RV. The interview was audio recorded. *See* Govt Ex. 6. During the interview, the Defendant said he never allows anyone to drive his vehicle, nor does he allow anyone to borrow his vehicle. The Defendant said he recently returned to work after being on workman's compensation due to an injury. The surveillance video was shown to the Defendant and he never denied it was him in the video. Instead, Defendant asked, "Am I under arrest?" and said he wanted to speak to a lawyer. The interview was immediately terminated. According to Defendant's employer, as soon as the police left, Defendant left work without clocking out. He did not answer phone calls from his employer or his probation officer.

6.  The arson investigation concluded that the fire at Waits RV was intentionally set. A warrant was issued for the Defendant's arrest. Law enforcement found and arrested the Defendant in Walterboro County, South Carolina. He did not have permission to travel to South Carolina from the probation officer or Court. He also did not advise his probation officer that he was questioned by law enforcement. Defendant was aware of these conditions of his supervised release. He acknowledged his awareness by signature on March 9, 2017. *See* Govt Ex. 1 at 3-4 and Govt Ex. 2 at 4-5.

7. Samples from the fire came back inconclusive for the use of any accelerant in starting the fire. This is consistent with the way Defendant committed previous arsons. According to the factual proffer at Defendant's change of plea hearing:

> [I]n late 2003, early 2004, a series of fires [were] being set in the area of US-1 in Fort Pierce. The Bureau of Alcohol, Tobacco and Firearms began investigating the suspicious fires, along with the state fire marshal's office and the St. Lucie County fire department. Most of the fires were being set to recreational vehicles, campers, abandoned vehicles and businesses, and structures around businesses and the like, and most of the fires were being set in the middle of the night. There was, however, a great similarity and geographical area and also a similarity in that during any – all of the fires, they weren't being set through the use of accelerants. Most of the fires, with the exception of a few, were positively determined to be arson.

Govt. Ex. 3 at 7. Defendant "bragged about knowing how to start the fires because he knew house these vehicles were built and how they would burn." *Id.* at 11. Defendant said he "always burned buildings and vehicles and campers that he knew were vacant." *Id.* This evidence provides proof of Defendant's plan, knowledge, preparation, and intent. Fed. R. Evid. 404(b).

8. The Defendant did not present any witnesses or evidence. Defense counsel argued there was no evidence that Defendant personally had any dispute with the owner of Waits RV and no physical evidence tying Defendant to the fire. Counsel advised that Defendant has recently been diagnosed with a cancerous tumor.

9. This Court has considered the evidence and finds that it establishes by a preponderance of the evidence that the Defendant committed Violation Number 1. The surveillance video shows that Defendant's vehicle parked near Waits RV shortly before the fire occurred. An individual consistent with Defendant's appearance is seen walking towards Waits RV. The person on the video is wearing a Palm Beach RV shirt, and Defendant works at Palm Beach RV. The person on the video has a limp, and Defendant indicated during his interview

that he had recently been injured. After watching the video, Defendant did not deny it was him. He fled the district after being interviewed by police, without obtaining permission from his probation officer or the Court. He was arrested wearing the same clothes as the person seen in the surveillance videos on the night of the fire. *See* Govt. Ex. 8. The fire was started without the use of an accelerant and for the purpose of burning RVs, which appears to be Defendant's *modus operandi* given his prior criminal history. This evidence is enough to establish Violation Number 1.

10. Regarding Violation Numbers 2 and 3, Defendant knew he was required to report contact with law enforcement to his probation officer and to obtain permission for travel outside the Southern District of Florida. He acknowledged these conditions by signature on March 9, 2017. He did not tell his probation officer about his contact with Detective Clare. He also did not have permission to travel to South Carolina. He was arrested in South Carolina on August 21, 2018. This is enough evidence to establish Violation Numbers 2 and 3.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 3 and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties advised the undersigned that in exchange for Defendant's agreement not to contest the Government's factual proffer, the Government agreed to recommend a guidelines sentence in this case. According to the parties, the statutory maximum is twenty-four months and the guidelines range is expected to be a few months below the statutory maximum.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore,

the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 13th day of February, 2019.

                                                   _____
                                                 SHANIEK M. MAYNARD
                                                 UNITED STATES MAGISTRATE JUDGE